1
2
3
4
5

COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
MAXWELL E. ALDERMAN (318548) (malderman@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

6
7

Attorneys for Defendant
WALMART INC.

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

OAKLAND DIVISION

11

12
13
14

ALICIA CAPPELLO and CATHERINE
MOSQUEDA, for themselves and all others
similarly situated,

Plaintiffs,

15

v.

16
17

WALMART, INC., a Delaware corporation;
and DOES 1-50, inclusive,

Defendants.

18

Case No.  4:18-cv-06678-SBA

**WALMART INC.'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT**

Date:       February 13, 2019
Time:       2:00 p.m.
Judge:      Hon. Saundra B. Armstrong

19

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence 201, Defendant

21

Walmart Inc. ("Walmart") hereby requests that the Court take judicial notice of the following

22

documents in support of its Motion to Dismiss Plaintiffs' Complaint ("Motion").   All exhibit

23

references correspond to the exhibits attached to the Declarations of Kanthi Santhikumar

24

("Santhikumar Decl."), Caitlin Brown ("Brown Decl."), and Suzanne Cole ("Cole Decl."), filed

25

concurrently herewith.

26

Exhibit A:                The "Purchase Confirmation Page," for video media on the Walmart

27

website.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

DEF. WALMART INC.'S
REQUEST FOR JUDICIAL NOTICE
(CASE NO. 3:18-CV-06678-SBA)

| | |
|---|---|
| Exhibit B: | The Walmart "Privacy Policy," as it existed on November 24, 2016, available at: https://web.archive.org/web/20161121230509/https://corporate.walmart.com/privacy-security/walmart-privacy-policy. |
| Exhibit C: | The Walmart "Privacy Policy," as it existed on September 23, 2017 and November 26, 2017, available at: https://corporate.walmart.com/article/walmart-privacy-policy. |
| Exhibit D: | The Walmart "Notices," as it existed on November 24, 2016, September 23, 2017, and November 26, 2017, available at: https://corporate.walmart.com/privacy-security/notices/. |
| Exhibit E: | The Walmart "Terms of Use," as they existed on November 24, 2016, September 23, 2017, and November 26, 2017 when Plaintiffs allegedly made purchases from the Walmart website, available at: https://web.archive.org/web/20170119025605/https://help.walmart.com/app/answers/detail/a_id/8. |

## I.   ARGUMENT

### A.   Legal Standards

When ruling on a motion to dismiss, a court may consider any matter that is subject to judicial notice, or incorporated into, or relied upon by, the complaint. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 503-04 (9th Cir. 1986); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the jurisdiction of the trial court or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEF. WALMART INC.'S
REQUEST FOR JUDICIAL NOTICE
(CASE NO. 3:18-CV-06678-SBA)

The Ninth Circuit has recognized that "in order to '[p]revent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (later superseded by statute) (incorporating by reference insurance terms of service and administrative documents because the claim necessarily relied on plaintiff having been a member of the insurance plan)).[1] This rule allows courts to avoid the basic unfairness that would result from allowing a plaintiff to avoid dismissal by strategically alleging only those aspects of a document that support its claims while avoiding others.

Courts in this Circuit have applied this rule on a motion to dismiss to consider a variety of documents, including Privacy Policies and Terms of Use or Service, which are not attached to a complaint but are referenced in the pleadings or on which the alleged claims depend. *See, e.g.*, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (taking judicial notice of documents not referenced in the complaint on a motion to dismiss, as the Ninth Circuit has "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document . . . "); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (judicially noticing "Software License Agreements, Privacy Policy, iOS Human Interface Guidelines, and Apple's App Store Approval Process instructions, as they are publicly available, standard documents that are capable of ready and accurate determination, and they are relevant to Plaintiffs' UCL and FAL claims").

Additionally, publicly available websites are proper subjects for judicial notice, when the "website's authenticity is not in dispute, and the exhibits '[are] capable of accurate and ready determination.'" *Opperman v. Kong Techs., Inc.*, No. 13-cv-0453, 2017 WL 3149295, at *4 (N.D. Cal. Jul. 25, 2017) (quoting *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1201

---

[1] *See also, e.g.*, *Branch v. Tunnell*, 14 F. 3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DEF. WALMART INC.'S
REQUEST FOR JUDICIAL NOTICE
(CASE NO. 3:18-CV-06678-SBA)

(C.D. Cal. 2017) (granting judicial notice of Defendant's website pages, in part because "these documents reflect information published by Defendant itself . . . ")).  And, the court may take judicial notice of archived websites, *i.e.*, websites that are no longer hosted on the original website, but are publicly available, catalogued, and accessible on websites like "archive.org" (the "Wayback Machine").  *Erickson v. Neb. Mach. Co.*, No. 15-cv-1147, 2015 WL 4089849, at *1 n.1 (N.D. Cal. Jul. 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.") (citations omitted); *Tompkins v. 23andMe, Inc.*, Case Nos. 13-cv-5682, 14-cv-0294, et al., 2014 WL 2903752, at *1 n.1 (N.D. Cal. Jun. 25, 2014) ("[T]he Court takes judicial notice of the Internet Archive (http://archive.org) version of 23andMe's website as of November 20, 2013.").

> **B.     The Court Should Take Judicial Notice of the Purchase Confirmation Page (Exhibit A) and Incorporated Documents (Exhibits B Through E) Because Plaintiffs Necessarily Rely on Them in Their Allegations.**

**Exhibit A (Purchase Confirmation Page).**  In their Complaint, Plaintiffs allege that Walmart installed a Facebook pixel on its website so that "when a consumer with a Facebook account purchases Video Media from walmart.com the purchase confirmation page loads and the Facebook pixel on that page causes the purchaser's browser to send" information to "Facebook's servers." (Compl. ¶ 17.) Plaintiffs further claim that this action, which allegedly occurs whenever a consumer purchases "video media" on Walmart's website, happened without Plaintiff giving "Walmart any written consent to disclose their Video Media purchases to Facebook." (Compl. ¶ 24.)  Thus, the purchase confirmation page is central to their claims.

The purchase confirmation page, which Plaintiffs claim included the Facebook Pixel, required Plaintiffs to click a button stating "Place Order" positioned near the phrase "By clicking Place Order, you agree to Walmart's Updated Privacy Policy and Terms of Use." (*See* Santhikumar Decl. at ¶ 2; Ex. A.)  Since at least 2015, this purchase confirmation page has been the same in substance, and required a user to agree to Walmart's Terms of Use ("TOU") and Privacy Policy.  (Santhikumar Decl. at ¶ 3.)  Walmart's Privacy Policy and TOU, attached herein as Exhibits B, C, and E, are hyperlinked

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DEF. WALMART INC.'S
REQUEST FOR JUDICIAL NOTICE
(CASE NO. 3:18-CV-06678-SBA)

on the "purchase confirmation page" and have been since at least 2015, despite being periodically updated with new information. (Santhikumar Decl. at ¶ 4; Ex. A.)  As explained further in Walmart's Motion, clicking "Place Order" provided written consent for Walmart's alleged disclosure of personally-identifying information related to Plaintiffs' video media purchase history to Facebook.  It is therefore necessary to review the purchase confirmation page in order to put Plaintiffs' allegations in context and to review the sufficiency of Plaintiff's legal claims under California Civil Code Section 1799.3 and the VPPA.  Moreover, the purchase confirmation page is not "subject to reasonable dispute" and "can be accurately and readily determined," Fed. R. Evid. 201(b), because it is a publicly available document that can be accessed on the Walmart website by anyone making a video purchase on Walmart.  (Santhikumar Decl. at ¶ 2-3.)

**Exhibits B through E (Walmart's Terms of Use, Privacy Policy, and Notices).**  Walmart's TOU, and the policies and notices expressly incorporated into them, which were available during Plaintiffs' purchases, provide notice of Walmart's disclosures of personally-identifying information. (Brown Decl. at ¶¶ 2-6.)  Plaintiffs necessarily agreed to these terms when they confirmed their purchases.  (Santhikumar Decl. at ¶ 6.)  Throughout the relevant period, Walmart's TOU (Ex. E) expressly incorporated its Privacy Policy (Exs. B & C).  (Ex. E ("You acknowledge that any personal information that you provide through the Walmart Sites will be used by Walmart in accordance with Walmart's Privacy Policy at http://corporate.walmart.com/privacy-security/walmart-privacy-policy, the terms of which are incorporated here by this reference.").)  Additionally, Walmart's Notices, available during Plaintiffs' purchases (Ex. D) are available via hyperlink from Walmart's Privacy Policy and are incorporated into the Policy and the TOU.  (Brown Decl. at ¶ 5.)  As discussed more fully in Walmart's Motion, the Terms of Use, Privacy Policy, and Notices (collectively, "Terms") make clear that Walmart may disclose Plaintiffs' personally-identifying information to third parties, including Facebook.  (*See, e.g.*, Exs. B at 7 & C at 6 ("We share personal information about you with service providers that help with our business activities."); Ex. D at 18 ("Walmart uses how you browse and shop to show you ads that are more relevant to you" and "Other websites where you see our ads, such as Facebook, may use interest preferences that you have chosen on this sites, as well as registration and other information about you, to choose which ads to display to you.").)  Reviewing

Cooley LLP
Attorneys At Law
San Francisco

5.

Def. Walmart Inc.'s
Request for Judicial Notice
(Case No. 3:18-cv-06678-SBA)

these disclosures is essential to assessing whether Plaintiffs have alleged a sufficient legal claim to survive Walmart's Rule 12(b)(6) motion.

Indeed, the instant case is analogous to *Craigslist, Inc. v. DealerCMO, Inc.*, No. 16-cv-1451, 2017 WL 6334142 (N.D. Cal. Apr. 11, 2017), where the court took judicial notice of Terms of Use in order to assess the legal sufficiency of a breach of contract claim where the pleading incorporated those terms. Those terms were available both on contemporary websites and exclusively via the "Wayback Machine." *Id.* at *3 n.3. Like the documents in *Craigslist, Inc.*, Walmart's Terms are available either directly from the Walmart website or have been archived on the Wayback Machine website. Moreover, those webpages are "not subject to reasonable dispute" and "can be accurately and readily determined from," Fed R. Evid. 201(b), because they are publicly available documents that can be accessed on the web. *See Craigslist*, 2017 WL 6334142 at *3 n.3; *see also Prime Healthcare Servs., Inc. v. Harris*, No. 16-cv-0778, 2017 WL 3525169, at *10 (S.D. Cal. Aug. 16, 2017) (taking judicial notice of Wayback Machine websites that bear the watermark of the Wayback Machine to support their authenticity); *Erickson*, 2015 WL 4089849, at *1 n.1 (taking judicial notice of websites available via the "Wayback Machine" to assess sufficiency of Complaint's allegations).

**C.    The Court Should Take Judicial Notice of Walmart's Terms of Use and Incorporated Policies (Exhibits B through E) Because Plaintiffs Expressly Incorporate Them into the Complaint and They Are Publicly Available.**

In their Complaint, Plaintiffs explicitly rely on "the applicable walmart.com terms of use," in order to determine where jurisdiction for this suit should lie. (Compl. ¶ 12.) Given this express incorporation by reference, the Court should take judicial notice of Exhibit E, which is the Terms of Use to which Plaintiffs tacitly agreed governed their alleged purchases on the Walmart.com website, as well as Exhibits B through D, which are incorporated into the Terms of Use. Plaintiffs cannot reasonably object to the Court's consideration of these documents, as they specifically incorporate them by reference in their complaint. *See, e.g.*, *Kaufman & Broad-S. Bay v. Unisys Corp.*, 822 F. Supp. 1468, 1472 (N.D. Cal. 1993) ("If the plaintiff fails to attach a pertinent document to its complaint, the defendant may introduce the document as part of a motion attacking the complaint. *A document incorporated by reference is not external to the complaint*, even if it is actually introduced

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

DEF. WALMART INC.'S
REQUEST FOR JUDICIAL NOTICE
(CASE NO. 3:18-CV-06678-SBA)

by the defendant.") (citations omitted and emphasis added), *overruled on other grounds by KFC Western, Inc. v. Meghrig*, 49 F.3d 518 (9th Cir. 1995), *rev'd on other grounds by Meghrig v. KFC Western, Inc.*, 416 U.S. 479 (1996).

Additionally, and as discussed *supra* Part B, this Court may take judicial notice of any document, including a document on a website, that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Ninth Circuit has held that a "document['s] public availability" is reasonable grounds for judicial notice.  *United States ex. rel. Hong v. Newport Sensors, Inc.*, 728 F. App'x 660, 661 (9th Cir. 2018) (emphasis omitted); *Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1067 (2017) (taking judicial notice of various terms from websites sources, as they are "publicly available on the Investopedia website and the Stable Value Investment Association website").  Exhibits A through E are all available publicly on the web from either Walmart.com (Exhibits A, C, and D) or archive.org (Exhibits B and E).  Accordingly, their accuracy cannot be reasonably questioned.

**II.    CONCLUSION**

Walmart respectfully requests that the Court grant its request and take judicial notice of the items enumerated herein.

Dated:          December 14, 2018          COOLEY LLP
                                            MICHAEL G. RHODES (116127)
                                            WHITTY SOMVICHIAN (194463)
                                            KYLE C. WONG (224021)
                                            MAXWELL E. ALDERMAN (318548)


                                            */s/ Whitty Somvichian*
                                            Whitty Somvichian (194463)
                                            Attorneys for Defendant
                                            WALMART INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

DEF. WALMART INC.'S
REQUEST FOR JUDICIAL NOTICE
(CASE NO. 3:18-CV-06678-SBA)